[Crim. No. 2745.   Third Dist.   Sept. 25, 1957.]

THE PEOPLE, Respondent, v. JOHN HAROLD HOWELL, Appellant.

John Harold Howell, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—This is an appeal from an order denying appellant's petition for a writ of error *coram nobis*.

Criminal proceedings were begun against appellant by the filing of a complaint on May 14, 1956, charging him with a violation of section 459 of the Penal Code.  Appellant was arraigned, counsel was appointed for him and the preliminary examination set for hearing.  On the date set appellant pleaded guilty to the crime charged in the complaint.  He was then certified to the superior court.  That court made an order directing that the complaint be amended to include charges of four prior convictions.  Thereafter appellant admitted three of the priors charged and denied one of them.  The court found the burglary to have been the second degree.  Appellant was sentenced to the state prison for the term pre-

scribed by law, the term to run consecutively with the term being served for one of the prior convictions. Appellant neither moved for a new trial nor appealed from the judgment against him. When he filed a petition for a writ of error *coram nobis*, counsel was appointed for him and a hearing on his petition was had.

By this petition appellant charged the following: That he entered his plea of guilty to the burglary charged against him under duress, trickery, fraud, threats, and after subornation of perjury by the prosecution; that he was, in fact, innocent of the charge against him and also innocent of having participated in two other burglaries in Woodland which were under investigation at the time; that with respect to the Woodland charges the only evidence against him at the preliminary hearing was that of a codefendant who turned state's evidence and gave perjured testimony under threat of prosecution of both himself and his wife if he refused to testify as demanded; that, although he was defended at the preliminary hearing and all through the proceedings that followed, the defense was only a token defense as evidenced by the fact that his attorney made no effort to prepare a defense or to investigate the possibilities of defense. He supported his petition by an affidavit of the codefendant witness who turned state's evidence, in which the affiant stated in substance that he had been coerced and forced into the giving of false testimony against petitioner. At the hearing on the petition oral evidence was taken, petitioner being represented by court appointed counsel. The public officials charged with duress testified, and, without going into particulars, it may be stated that they flatly contradicted the allegations of the petition and the statements in the affidavit referred to. Although it appeared that something in the nature of a bargain was made, the evidence was that negotiations were initiated and carried forward under the insistence of petitioner, and that the only promise he sought and the only promise he received was fully carried out.

▮ Where a petitioner attacks a judgment through application for a writ of error *coram nobis* there is a strong presumption in favor of the judgment's validity and the petitioner, therefore, has the burden of proof to overcome the presumption by the production of strong and convincing evidence. The court is not required to accept at face value the allegations of the petition even when uncontradicted. (12 Cal.Jur.2d, p. 572, § 20, ''Coram Nobis''.) ▮ Since the granting of relief in a coram nobis proceeding is a matter

largely within the discretion of the court, unless an abuse of its discretion is shown the court's ruling will not be disturbed on appeal. (12 Cal.Jur.2d, p. 575, § 26, "Coram Nobis.") It is apparent from the record herein that in all material particulars the petition and its supporting affidavit were in sharp conflict with the oral testimony taken. The petition was heard before the same trial judge who presided throughout the criminal proceedings attacked. The record on appeal shows no abuse of discretion on the part of the trial court in denying the writ.

The order appealed from is affirmed.

Peek, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.